605 S.E.2d 534

**In the Matter of Paul W. NEVILL, Respondent.**

**No. 25888.**

Supreme Court of South Carolina.

Submitted Oct. 11, 2004.

Decided Nov. 8, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paul W. Nevill, of Bluffton, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition, public reprimand, or definite suspension not to exceed thirty (30) days. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On December 31, 2003, respondent represented Purchaser in a real estate closing. In that transaction, Purchaser was buying investment property from Seller for $240,445.00. Seller was to manage the property for Purchaser.

Without consulting respondent, Purchaser paid $44,000.00 of her own money to Seller. This payment was not required by the sales contract and was in addition to the $1,000.00 earnest money Purchaser was required to pay under the contract. Purchaser's understanding was that these funds would be used to pay the balance owed on the purchase of the new property after the loan proceeds ($158,000) and the proceeds of the sale of other investment property owned by Purchaser ($61,014.17). Any excess would be placed in Purchaser's property management account held by Seller. Purchaser and Seller did not document the payment of the $44,000.00 or the terms of their agreement about its purpose.

In preparation of the HUD–1 settlement statement, respondent correctly calculated that $27,948.08 of the $44,000.00 would be required for Purchaser to meet the sale price. Respondent should have listed this amount on the "Summary of Borrower's Transaction" on the HUD–1 as a down payment paid outside of closing (POC). Respondent should have then listed the same amount as an excess deposit POC on the "Summary of Seller's Transaction" on the HUD–1 and reduced the final amount to Seller by that amount. Instead, respondent added the $27,948.08 to the $1,000 earnest money deposit on line 201 of the HUD–1 and showed that money being paid to Seller at closing.

Neither Purchaser nor Seller brought $27,948.08 to the closing. Respondent conducted the closing without correcting the HUD–1. As a result, respondent issued a trust account check to Seller for $27,948.08 more than respondent received to fund the closing.

On January 21, 2004, respondent realized the error when his bank contacted him and informed him there were insufficient funds in his trust account to cover a check issued in a subsequent closing. Respondent immediately transferred $10,000.00 from his personal home equity account into his trust account to cover the check. Upon review of his trust account records, respondent discovered that the error in the December 31, 2003 closing was the source of the shortage. Respondent deposited the remaining amount available from his personal home equity account ($6,000.00) into his trust account, leaving the trust account $11,948.08 short.

Over the next several months, respondent did not withdraw funds owed to him for fees for subsequent closings in an effort to make up the shortage. Respondent relied on the "float" from those closings to avoid any losses to clients or returned checks.

Respondent was able to make up the shortage in full by June 2004. In discussion with the Seller's attorney about repayment to respondent for the overpaid funds, it came to respondent's attention that use of the "float" in his trust account was in violation of the Rules of Professional Conduct.

Respondent self-reported this matter to the Commission on Lawyer Conduct. He provided Disciplinary Counsel with

complete records of the transactions and has fully cooperated in the disciplinary investigation.

## *LAW*

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct). Respondent admits that by his misconduct he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.15 (lawyer shall safe keep client property).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.